No. 12338 & 12339

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

STATE OF MONTANA,

                    Plaintiff and Respondent,

-vs-

JAMES CONLEY SPURLOCK,

                    Defendant and Appellant,

-vs-

LEONARD DONEY,

                    Defendant and Appellant.

---

Appeal from:  District Court of the Fourth Judicial District,
              Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

    For Appellants:

        Robert J. Campbell argued, Missoula, Montana.

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana.
        Jonathan B. Smith, argued, Assistant Attornery General,
        Helena, Montana.
        R. D. Deschamps, III, County Attorney, argued, Missoula,
        Montana.

---

                              Submitted:  November 30, 1972

                              Decided:  FEB 2 0 1973

Filed:   FEB 2 0 1973

_____
                                    Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This appeal is taken from a judgment in the district court of Missoula County entered on a jury verdict convicting James Conley Spurlock of four counts of robbery and Leonard Edwin Doney of three counts of robbery. Spurlock was sentenced to fifty years and Doney to twenty-five years in the Montana state prison. The state employed the provisions of section 95-1506, R.C.M. 1947, as to both defendants in seeking increased punishment based on prior convictions.

The appeal was brought to this Court on a transcript of the proceedings taken prior to trial and no trial transcript was furnished. The sole issue raised is whether the denial of defendants' pretrial motion for a continuance was an abuse of the trial court's discretion and a violation of the rights guaranteed to defendants under the United States Constitution and the Constitution of Montana.

The record indicates that on January 28, 1972, an Information was filed in the district court charging each defendant with four counts of robbery upon four Missoula filling stations committed on January 18, 1972. D. R. Matthews, Esq., Missoula Public Defender, was appointed by the court as counsel and he represented both defendants in all stages of pretrial proceedings. Both defendants entered pleas of not guilty and trial was set for May 4, 1972. Bail was fixed in the amount of $15,000 (later reduced to $12,500) for defendant Spurlock and in the amount of $12,500 for defendant Doney. Neither defendant was able to post bail.

Defendant Doney requested a psychiatric examination and was admitted to the state hospital at Warm Springs on February 2, 1972, remaining there about thirty days. An examination was performed and a report submitted to the court.

On March 13, 1972, defendant Spurlock filed an affidavit of disqualification of trial judge Hon. Emmet Glore, which was granted. The cause was transferred to the court of Hon. E. Gardner Brownlee.

On April 5, 1972, defendant Spurlock submitted motions for a psychiatric examination by a local psychiatrist and for separate counsel. Both motions were denied. Subsequent testimony by Spurlock's wife indicated that he had been to Warm Springs for treatment and/or examination on some previous occasion and that he did not wish to return there.

On April 6, 1972, defendant Doney petitioned the court pro se for a writ of habeas corpus based on violation of his rights at a preliminary examination for probable cause. Judge Jack L. Green, sitting for Judge E. Gardner Brownlee, heard the petition on April 6, 1972, with petitioner present in court and represented by public defender D.R. Matthews, his attorney. After argument the writ was denied.

On May 3, 1972, one day preceding the trial date, the defendants through their appointed counsel, D. R. Matthews, entered four motions requesting:

1. Withdrawl of court appointed counsel.

2. Separate trials.

3. Separate counsel.

4. A continuance.

The requested continuance was for the claimed purpose of allowing their counsel time to prepare their defense, and to obtain a psychiatric evaluation for defendant Spurlock.

The court denied all four motions. However, prior to trial on May 4, 1972, the motion for withdrawal of counsel was granted and Robert J. Campbell, Esq. was entered as counsel. In granting this motion, the court specifically questioned both defendants after making them aware that their other motions (including the motion for a continuance) would not be be granted, as to whether they would still prefer to have Robert J. Campbell

substituted as counsel replacing D. R. Matthews. Both defendants stated they so preferred. The court then suggested that Matthews remain to participate in the defense and requested both defendants' permission before Mr. Matthews was permitted to leave. Both defendants gave that permission.

At the time the court was considering the request for substitution of counsel, Mr. Matthews stated: "They have told me absolutely nothing. They will not confide in me, there has been no communication at all."

In their appeal brief, defendants stated "Prior to trial the Defendants remained in the Missoula County jail and sought private counsel as best they could." The record does not support this statement. It does not disclose that defendants or anyone acting in their behalf, contacted or were refused by any attorney prior to their contacting Mr. Campbell, who did take their case. It does not disclose that defendants were refused permission to contact any attorney while they were in jail. It does disclose that Mr. Campbell was contacted for the first time by Mrs. Spurlock at 4:15 p.m. on May 3, 1972, over three months after the arraignment of defendants and on the afternoon before the trial date.

Section 95-1708, subsections (c) and (d), R.C.M. 1947, provide:

> "(c) All motions for a continuance are addressed to the discretion of the trial court and shall be considered in the light of the diligence shown on the part of the movant.

> "(d) This section shall be construed to the end that criminal cases are tried with due diligence consonant with the rights of the defendant and the state to a speedy trial." (Emphasis supplied).

Defendants' refusal to communicate with their appointed counsel and their eleventh hour dismissal of Mr. Matthews and hiring of Mr. Campbell after a three month period during which defendants were fully aware of the date set for trial, was not an exercise of due diligence.

- 4 -

The instant case is readily distinguishable from State v. Blakeslee, 131 Mont. 47, 306 P.2d 1103, relied upon by defendants to support their Sixth Amendment (lack of right to counsel) and Fourteenth Amendment (lack of due process) contentions. In Blakeslee, the court appointed counsel three days before the trial---but after Blakeslee's privately retained counsel withdrew. Here, defendants voluntarily dismissed appointed counsel and retained private counsel after being made fully aware that no continuance would be granted. In contrast to Blakeslee and other cases relied on in this appeal by defendants, this was a voluntary action directly in the control of the accused.

The United States Constitution and the Montana Constitution establish certain rights, under law, for persons accused of a criminal offense. One of these is the right to effective representation by legal counsel. We find the district court accorded these defendants that right. The court appointed competent counsel to represent defendants and allowed them and their counsel three months to prepare their case.

Numerous federal decisions hold with unanimity that:

"Although the attorney-client relationship is ordinarily a private matter, a defendant does not have the unbridled right to discharge counsel on the eve of trial * * *.

"In order to work a delay by a last minute discharge of counsel there must exist exceptional circumstances." United States v. Grow, 394 F.2d 182, 209, cert. den. 393 U.S. 840, 89 S.Ct. 118, 21 L ed 2d 111.

See also: Kates v. Nelson, 435 F.2d 1085 (9th Cir. 1970); Harper v. United States, 143 F.2d 795 (8th Cir. 1944). For collateral text references see annotations following section 95-1708, R.C.M. 1947; 66 ALR2d 298, 304, §4(a).

In State v. Forsness, ____Mont._____, 495 P.2d 176, 29 St.Rep. 232, 236, a case analogous to the instant case on the issue of the constitutional right of an accused to counsel, this Court stated:

- 5 -

"We agree with counsel for defendant that the right to be represented by counsel in a criminal proceeding is a fundamental right essential to criminal justice. [Citing cases] However, we do not agree with defendant's contention that he can dismiss his counsel just before going to trial, after counsel had adequately represented him for several months, and then on appeal allege his basic constitutional rights have been violated. Several recent federal cases have covered this argument fully. [Citing cases]." (Emphasis supplied)

Where there is an alleged abuse of discretion by the trial court in denying a motion for a continuance, the burden of proof on appeal is upon the claimant to make a clear showing of such abuse. State v. Howard, 30 Mont. 518, 77 P. 50; State v. Collins, 88 Mont. 514, 294 P. 957; State v. Olsen, 152 Mont. 1, 445 P.2d 926. Here, defendants have not sustained that burden.

Judgment of the trial court is affirmed.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Associate Justices.