George T. GLATTER and Joanne R. Glatter, d/b/a Pineco Tree Service, Appellants (Plaintiffs),

v.

AMERICAN NATIONAL BANK OF POWELL, Powell, Wyoming, Appellee (Defendant).

AMERICAN NATIONAL BANK OF POWELL, Powell, Wyoming, Appellant (Defendant),

v.

George T. GLATTER and Joanne R. Glatter, d/b/a Pineco Tree Service, Appellees (Plaintiffs).

Nos. 83–150, 83–151.

Supreme Court of Wyoming.

Feb. 3, 1984.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

CARDINE, Justice.

These appeals are from an order dismissing with prejudice the complaint of plaintiffs and counterclaim of defendant for failure of the attorneys for the respective parties to file their pretrial memorandums with the clerk of court three days prior to the pretrial.

We need consider only the following issue:

> Was the dismissal with prejudice by the court, on its own motion, permissible under Rule 41(b)(2), W.R.C.P.[1]

This case, pending in the District Court, Fifth Judicial District, Park County, Wyoming, was filed November 1, 1982 and thereafter assigned for trial to the district court judge of the Ninth Judicial District who resides at Teton County, Wyoming. On February 7, 1983, this judge entered an order setting pretrial conference at Cody, Park County, Wyoming, for July 1, 1983. This Order for Pretrial Conference stated that:

> "* * * [C]ounsel are alerted that the provisions of Rule 4, Uniform Rules District Courts of the State of Wyoming are incorporated herein by reference. * * *"

Both attorneys and both judges accepted the Uniform Rules for the District Courts of the State of Wyoming as governing this pretrial in Park County. Rule 4 of these Uniform Rules[2] and the order providing for pretrial state that attorneys should prepare a pretrial memorandum and file the same with the clerk of district court three days before the pretrial conference.

A few days before the pretrial in this case, the judge began calling the clerk of court at Park County asking if the pretrial

Joseph E. Darrah, Powell, for appellants in No. 83–150 and appellees in No. 83–151.

Ross D. Copenhaver of Copenhaver & Kahl, Powell, for appellee in No. 83–150 and appellant in No. 83–151.

1. Rule 41(b)(2), W.R.C.P., provides:
   "Upon its own motion the court may dismiss without prejudice any action not prosecuted or brought to trial with due diligence."

2. Rule 4, Uniform Rules for the District Courts of the State of Wyoming, provides, in part, as follows:

"(b) * * * Prior to pretrial, attorneys should:
   \*   \*   \*   \*   \*   \*
"(7) Prepare a pretrial memorandum, file and deliver to other counsel three (3) days before conference."

conference memorandums had been filed. He learned that defendant had filed a pretrial memorandum on June 29 (two days before the pretrial) and that plaintiffs had not filed a pretrial memorandum at all. Thus, there was a failure on the part of both plaintiffs' and defendant's attorneys to comply with the requirements of Rule 4, supra, in that neither of them had filed his pretrial memorandum three days before the date set for pretrial. The judge, nevertheless, traveled to Park County, Wyoming; and, when the attorneys for the respective parties arrived at the court's chambers at the time set for the pretrial conference, he advised them that the case was dismissed with prejudice for failure to file the pretrial memorandums as required by Rule 4 and by his Order for Pretrial Conference which incorporated the provisions of Rule 4.

Following entry of the Order dismissing the case with prejudice, both plaintiffs' attorney and the District Court Judge, resident in Park County, Wyoming, filed affidavits stating that although the standard form pretrial order and Rule 4 required filing of pretrial memorandums three days before the pretrial, it was nevertheless the local practice in the Fifth Judicial District that pretrial memorandums be filed on the date of the pretrial. Plaintiffs have appealed from the Order dismissing their complaint and defendant from the same Order dismissing its counterclaim. This litigation concerns substantial rights of the plaintiffs and defendant. The dismissal of this case imposes upon them the most severe of penalties, which ought to be assessed only in the most extreme situations.

This court has recognized a strong public policy which favors disposition of cases on their merits. *Gaudina v. Haberman,* Wyo., 644 P.2d 159 (1982). We also recognize a policy that furthers prompt and diligent prosecution of cases and control of the court's docket. While the latter is also a desirable policy, it is not involved here. This case had been pending just eight months; there was extensive discovery; five depositions had been taken; there were numerous motions pending to be heard; and there is no indication of delay or a failure of the attorneys to comply with court rules or act otherwise than in good faith. Under circumstances such as those present here, the action of the trial court has been held too drastic. *Meeker v. Rizley,* 324 F.2d 269 (10th Cir.1963).

█ The attorneys here did not file their pretrial memorandums three days before pretrial as required by Rule 4, supra, and the court felt it could not proceed with the pretrial because, as the trial judge stated in his Order of dismissal,

"This Court customarily reviews the Pretrial Memorandums and makes notes; picks out dates for completion of discovery; identification of exhibits and listing of additional witnesses and a trial date prior to the pretrial conference * *."

The failure to file the pretrial memorandums, then, in the court's view, resulted in delay and thus a failure to proceed with due diligence, in violation of Rule 41(b)(2), supra. Where the court determines upon its own motion, as in this case, that dismissal should result, the dismissal under this rule may not be with prejudice. The penalty for violation of the rule permits only that the case may be dismissed *without prejudice.* We have said that,

" * * * The remedy of involuntary dismissal * * * rests within the sound discretion of the trial court.

" * * * Involuntary dismissal requires a weighing of circumstances and judicial policies." *Gaudina v. Haberman,* supra at 169–170. See also, *Johnson v. Bd. of Comm'rs of Laramie Cty.,* Wyo., 588 P.2d 237 (1978).

█ We recognize the court's inherent power to discipline counsel for a failure to comply with its pretrial conference order. Ordinarily that discipline should involve lesser sanctions than dismissal of the case, such as taxation of costs or some other penalty. 9 Wright & Miller, Federal Practice and Procedure: Civil § 2369, p. 196. We do not believe the court acted impulsively here, but rather, as visiting judge,

there was a misunderstanding concerning the local pretrial practice in the Fifth Judicial District pursuant to which attorneys filed their memorandums on the day of the pretrial. The record does not disclose that either counsel acted in bad faith, nor for delay, nor engaged in dilatory tactics, nor intentionally refused to comply with a lawful order of the court. To allow dismissal of this case, in our view, would be an abuse of discretion under the circumstances. See, *Stoyer v. Doctors Hospital, Inc.*, 15 Ariz.App. 255, 488 P.2d 191 (1971). The court's Order dismissing this case with prejudice, therefore, is reversed; and, upon remand, such Order shall be vacated, the case reinstated, the parties shall file their pretrial memorandums with the clerk of court and the case set for pretrial.