The TRAVELERS INSURANCE
COMPANY, Appellant
(Plaintiff),

v.

Tracy PALMER, Appellee (Defendant).

No. 85–237.

Supreme Court of Wyoming.

Feb. 21, 1986.

Arnold B. Tschirgi, Lander, for appellant.

Ernest F. Fuller, Jr., of Bormuth, Freeman & Fuller, Cody, for appellee.

Before THOMAS, C.J. and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

This case was received by appeal from an order dismissing the complaint with prejudice following the failure of counsel for plaintiff to attend a scheduled pretrial conference.

The facts leading to the unhappy event (for plaintiff as appellant) are simple. Plaintiff, as a subrogated insurance carrier, sued the customer of a laundromat where a fire had occurred, alleging negligent use of the facilities by cleaning oil-soaked clothing. After answer, a *letter* order of the trial court dated August 19, 1985, was entered, setting that action, and some 13 other pending contested cases for pretrial hearing on September 19, 1985. Defendant filed and served a pretrial memorandum required by the Uniform Rules for the District Courts of the State of Wyoming, and then appeared at the hearing. Counsel for plaintiff neither filed the memorandum nor appeared at the scheduled time, and the action was then dismissed by the court with prejudice.

Neither before nor after the scheduled hearing date had plaintiff's counsel contacted the trial court about scheduling problems, or to afford an explanation for nonappearance. Since the case comes to this court by direct appeal from the order and judgment of dismissal with prejudice, neither the record nor brief afford an explanation for any factual reason for counsel to have missed the court session.

Included in the judgment were attorney's fees and costs for pretrial hearing attendance by counsel for the defendant.

This court only recently said, in speaking to the associated subject of the nonfiling of pretrial memoranda, by construction of Rule 41(b)(2), W.R.C.P.:

" * * * Where the court determines upon its own motion, as in this case, that dismissal should result, the dismissal under this rule may not be with prejudice. The penalty for violation of the rule permits only that the case may be dismissed *without prejudice.* We have said that, " ' * * * The remedy of involuntary dismissal * * * rests within the sound discretion of the trial court.' *Gaudina v. Haberman,* [Wyo., 644 P.2d 159,] 169–170 [ (1982).]" *Glatter v. American National Bank of Powell,* Wyo., 675 P.2d 642, 644 (1984).

In accord, we require modification of the present judgment to the extent that dismissal was with prejudice.

Rule 901, Uniform Rules for the District Courts of the State of Wyoming is applicable, and includes dismissal as one remedy.[1]

A proposed change as now under discussion affords a suitable policy consideration, and would add:

"While imposition of sanctions other than dismissal or striking of pleadings is not required before such sanctions are imposed, it is the policy of these rules that dismissal of the case or striking of pleadings are remedies of last resort."

This court recognizes, within the confines of the uniform rule for dismissal in this state, that:

" ' * * * Involuntary dismissal requires a weighing of circumstances and judicial policies.' *Gaudina v. Haberman,* supra at 169–170. See also, *Johnson v. Bd. of Comm'rs' of Laramie Cty.,* Wyo., 588 P.2d 237 (1978)." *Glatter v. American National Bank of Powell,* supra, 675 P.2d at 644.

The general principle involving requests for continuances has applicability to de-fault dismissal orders in the pretrial process. In those cases, it has been held that movant, by his motion, must forcefully and adequately present any request for continuance for whatever reason with appropriate compliances with rules and statutes, as normally including affidavits of supporting specific facts. See *Pacific Indemnity Company v. Berge,* 205 Kan. 755, 473 P.2d 48 (1970); *State v. Spurlock,* 161 Mont. 388, 506 P.2d 842 (1973); *Albuquerque National Bank v. Albuquerque Ranch Estates,* 99 N.M. 95, 654 P.2d 548 (1982); *State v. Rigsbee,* 285 N.C. 708, 208 S.E.2d 656 (1974); *Sanditen v. Brooks Flame-Spray, Inc.,* Okla., 403 P.2d 471 (1965); *Sims v. Sowle,* 238 Ore. 329, 395 P.2d 133 (1964).

"The answer must be found in the circumstances present in every case, particularly in the reason presented to the trial judge at the time the request is denied." *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921, reh. denied 377 U.S. 925, 84 S.Ct. 1218, 12 L.Ed.2d 217 (1964).

The direct appeal, rather than the motion to set aside the order as supported by affidavits, was utilized in Glatter, although the appeal was also factually supported by affidavits. We would note with approval a discussion of this subject in Annot., 55 A.L.R.3d 303, 309, Failure of Party or His Attorney to Appear at Pretrial Conference:

"A threshold question which the attorney faces is whether to take an appeal from the trial judge's judgment or order, or to attempt relief in the trial court by way of a motion or other application for vacation of the order or judgment. * * * Where either route is open, in selecting the one to follow the attorney will want to consider various factors including the nature of the defense, the time involved, and the relative expense. Generally speaking, however, the least expensive and most effective procedure is to move in the trial court that the judgment or order be va-

---

1. Rule 901, Uniform Rules for the District Courts of the State of Wyoming reads:
   "The following may be imposed for violation of these rules: reprimand, monetary sanc-

   tions, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorney fees, or other sanctions."

cated, and, if the motion is denied, then to take an appeal therefrom."

See also Annot., 8 A.L.R.3d 1272, Appealability of Order Setting Aside or Refusing to Set Aside, Default Judgment; and Annot., 21 A.L.R.3d 1255, Opening Default or Default Judgment Claimed to Have Been Obtained Because of Attorney's Mistake as to Time and Place of Appearance, Trial or Filing of Necessary Papers.

█ In the absence of a documented explanation for the nonappearance, as derived from a motion addressed to the district court to set aside the default as supported by affidavits, or some similar process affording evidence of the factual status, there is no basis for this court to find an abuse of discretion and consequently to reverse the dismissal in favor of some less severe sanction. *Martinez v. State*, Wyo., 611 P.2d 831 (1980).

The case is remanded to the district court for entry of an amendatory order reflecting that the dismissal is without prejudice, and otherwise the trial court is sustained and the appeal denied.