# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 82

APRIL TERM, A.D. 2015

June 11, 2015

STUART GOFORTH,

Appellant
(Defendant),

v.

S-14-0255

JAMEY FIFIELD,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Catherine R. Rogers, Judge*

*Representing Appellant:*
　　Bernard Q. Phelan, Attorney at Law, Cheyenne, Wyoming

*Representing Appellee:*
　　David G. Ditto of Associated Legal Group, LLC, Cheyenne, Wyoming

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE:** **This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, **Justice**.

[¶1]    Appellee Jamey Fifield sued Appellant Stuart Goforth for trespassing on his property. Counsel for both parties attended a scheduling conference at which deadlines, a final pretrial conference, and a trial date were set. Goforth's counsel[1] failed to file the pretrial disclosures required by the scheduling order and he did not attend the pretrial conference. Because counsel did not appear at the conference and otherwise failed to comply with the scheduling order, the district court sanctioned his client by limiting his presentation of evidence at trial to testifying himself and cross-examining witnesses called by Fifield. The court ultimately found in Fifield's favor and awarded actual damages, quieted title, and granted an injunction against further trespass.

[¶2]    On appeal, Goforth challenges the district court's sanction limiting his ability to present evidence, its finding that he had trespassed, and the award of damages. We find that the district court's judgment is sound in all respects except for a portion of the damages award. Accordingly, we affirm in part, reverse in part and remand for further proceedings consistent with this opinion.

## ISSUES

[¶3]    Appellant presents three issues for appellate review, which we have rephrased for exactitude:

> 1.    Did the district court abuse its discretion in limiting Goforth's ability to present evidence at trial as a sanction for failure to attend the pretrial conference and to comply with the pretrial order?
>
> 2.    Did Goforth raise an implied easement claim or present any evidence of such at trial, which could cause the district court's ruling concerning trespass to be in error?
>
> 3.    Was the district court's decision on the amount of damages clearly erroneous?

---

[1] Mr. Goforth is represented by a different attorney in this appeal.

FACTS

[¶4]   Fifield and Goforth own adjacent lots in Cheyenne, Wyoming.[2]  Goforth has a recorded easement for ingress and egress over the west portion of Fifield's property, but for years Fifield allowed him to cross on the east side.

[¶5]   Their neighborly relationship deteriorated after Goforth began driving wherever he wanted, widened a road, and trenched a water line on Fifield's property without permission.  Goforth also parked a pickup truck and camper just over his property line on the edge of Fifield's property.

[¶6]   After paying for a survey and researching land records, Fifield demanded that the water line be removed and that Goforth use the deeded easement on the west side of his property rather than crossing it on the east side.  He also demanded that Goforth remove the pickup truck and camper.  Goforth did not accede to any of these demands, but instead further aggravated the situation by fencing off the recorded easement on the west side.

[¶7]   Fifield filed a complaint seeking damages for trespass, a permanent injunction, and an order quieting title as to the east side access and the water line.  He also sought punitive damages.  Goforth timely answered, generally denying the allegations. He did not raise any affirmative defenses.

[¶8]   The district court set a scheduling conference which counsel for both parties attended.  The court then entered a scheduling order which was served on counsel by placing it in the respective attorneys' boxes in the clerk of court's office (commonly referred to as  "the clerk's boxes") as permitted by Wyoming Rule of Civil Procedure 77(d).

[¶9]   Fifield complied with the scheduling order by filing expert designations and a trial summary which included witness designations and exhibit lists.  Goforth filed nothing. His counsel also failed to attend the final pretrial conference.

[¶10] At the pretrial conference, the district court noted on the record that Goforth's counsel was not in attendance, and that he had not submitted a pretrial memorandum or otherwise complied with the scheduling order.  The judge explained to Fifield's counsel that if Goforth's attorney appeared for trial, she would probably not allow him to call any witnesses other than his client.  She was uncertain as to whether she would allow Goforth's counsel to cross-examine Fifield's witnesses, and she reserved ruling in case

---

[2] Dale Collins was also an owner of an adjoining lot and named as a defendant.  During the pending litigation before the district court, he passed away and his interest in the lot was conveyed to Goforth. Pursuant to W.R.C.P. 25(a)(1), the district court entered an order dismissing the claims against Collins.

Goforth's counsel contacted the court or otherwise requested a hearing to explain his failure to comply with the order and to appear and was able to provide a satisfactory explanation. Unfortunately, Goforth's counsel did nothing after missing the conference until trial.

[¶11] Both parties and their attorneys appeared for the scheduled trial.[3] At the outset, the following exchange took place:

> COURT: . . . As you know, the Court did conduct a pretrial conference last week. You failed to appear for that conference, and you failed to comply with the Court's pretrial order concerning pretrial memoranda. As a result, I announced an intention at the pretrial conference to limit the plaintiff's ability to present evidence in this case and will stand by that decision to limit the plaintiff's ability to present evidence in this case. Mr. [Counsel for Goforth], certainly you can call your client to testify. Other than that, no witnesses and no evidence.
>
> [GOFORTH'S COUNSEL]: I think that will work, Your Honor.

At no point during trial did Goforth's counsel make an offer of proof or indicate that he intended or claimed to be entitled to call witnesses other than his client or present exhibits other than those introduced by Fifield.

[¶12] Fifield testified and called two expert witnesses, and he offered numerous listed exhibits which were received in evidence without objection, including the following:

- An $8,000 estimate by Professional Landscaping, Inc. for removal and reclamation of the waterline.

- Evidence of the State schedule of fees for surface easements indicating that the State of Wyoming would have paid $1,875 to use a similar easement from June 2011, when the waterline was installed, to the date of trial.

- An estimate by Professional Landscaping, Inc. of $2,800 to reclaim the southwest portion of Fifield's property where Goforth had allegedly improperly graded, and to place a fence on the northwest portion.

---

[3] The record is silent as to how Goforth and his attorney knew of the trial date.

- A claim for $1,012.50 for use of Fifield's property as an access road from November 4, 2011, the date that Fifield gave Goforth notice to cease and desist, until the date of trial, based also upon the State schedule of fees referred to above.

- A document indicating that the City of Cheyenne allows towing companies to charge $35 per day to store towed vehicles outside. From this, Fifield claimed $57,820 for Goforth's camper and pickup truck remaining on Fifield's property from November 4, 2011, the date that Fifield gave Goforth notice to remove them, until the date of trial.

[¶13] Goforth's counsel cross-examined two of the three witnesses called by Fifield and indicated that he had no questions for the third. Mr. Goforth testified on his own behalf.

[¶14] After hearing closing arguments, the district court ruled in Fifield's favor from the bench, finding that Goforth had trespassed, awarding damages in the amount of $71,507.50, and granting the requested injunction. It declined to award punitive damages, and it entered a *Judgment and Order Including Injunction* reflecting its oral ruling soon thereafter.

[¶15] After hiring new counsel, Goforth filed a motion for a new trial under W.R.C.P. 59(a)(5), (6) and (8).[4] For the first time, he asserted that he had an implied easement over Fifield's property. However, the motion did not—perhaps because it could not—cite to any evidence admitted at trial which would support such a theory. The district court held a hearing and denied the motion.

[¶16] Goforth timely perfected this appeal.

## DISCUSSION

### *Sanctions for Failing to Attend Pretrial Conference*

---

[4] Two months after filing his motion for a new trial, Goforth filed a motion for leave to amend his answer to assert a counterclaim to quiet title to an implied easement, which Fifield opposed. We find no order denying it. Goforth does not raise an issue regarding that motion, and we need not consider the matter any further. Beyond that, we perceive the motion to be in substance one to amend the pleadings to conform to the evidence under W.R.C.P. 15(b), as trial had already taken place. That rule may permit post-trial amendments to address issues "tried by express or implied consent of the parties." W.R.C.P. 15(b); *see also* 6A Charles Alan Wright, et al., *Federal Practice and Procedure Civ.* § 1493 (3d ed. updated 2015) ("[C]onsent generally is found when evidence is introduced without objection, or when the party opposing the motion to amend actually produced evidence bearing on the new issue or offered arguments directly contesting the issue."). Because we find below that there was insufficient evidence to prove an implied easement, it is unnecessary to further address this motion.

[¶17]  Goforth contends that his trial counsel failed to attend the final pretrial conference because he was not adequately served with the scheduling order and therefore did not know when he was required to file and serve pretrial disclosures or the date of conference.  Goforth also asserts that the sanction imposed should have been preceded by an opportunity to be heard.

[¶18]  The record clearly shows that the scheduling order was served upon counsel for both parties through their respective counsel's boxes at the Clerk of District Court's office as permitted by W.R.C.P. 77(d).  That rule states:

> **(d)** *Service of orders or judgments*. – Immediately upon the entry of an order or judgment the clerk shall provide and serve a copy thereof to every party who is not in default for failure to appear. The clerk shall note in the docket the date of service and the parties served. Service by the clerk may be accomplished by mail, hand delivery, **clerk's boxes**, or electronic means. The clerk shall provide envelopes and postage for the mailings. If service is accomplished by electronic means, this rule supersedes the requirements of W.S. § 5-3-210 to attach the seal of the court to all writs and orders. Any party may in addition serve a notice of such entry in the manner provided in Rule 5(b) for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted by the Wyoming Rules of Appellate Procedure.

W.R.C.P. 77(d) (emphasis added).

[¶19]  Goforth argues that this rule does not provide due process, but when we apply the applicable standard of review, we can easily confirm Rule 77(d)'s constitutional soundness. *See Reynolds v. Bonar*, 2013 WY 144, ¶ 7, 313 P.3d 501, 503 (Wyo. 2013) ("Constitutional issues are questions of law, which we review *de novo*.").  Our jurisprudence and that beyond these borders provides no support for Goforth's faint assertion that a rule may not constitutionally permit orders to be served by placement in clerk's boxes.[5]  Service by such means is fundamentally fair and therefore provides the level of due process required under the circumstances. *In re GC*, 2015 WY 73, ¶ 32, --- P.3d. --- (Wyo. 2015) ("[T]he process due at any given time must reflect the nature of the proceeding and the interests involved.").

---

[5] The Court is aware that in some districts it is customary for local attorneys (those whose offices are located in the same city as the courthouse) to be served by placing copies of orders in a box designated for that purpose.  Goforth's attorney does not explicitly claim to have been unaware of Rule 77 or this practice.

[¶20] Before leaving the subject, we feel compelled to note that Goforth's counsel attended the scheduling conference. His claim of surprise concerning pretrial tasks is unavailing because he was present when the case schedule was developed. Additionally, Fifield's lawyer served his pretrial designations on Goforth's counsel by mail about a week before the pretrial conference. This should at least have prompted him to inquire as to the date on which they were due and to make efforts to confirm the date and time of the pretrial conference While these facts do not impact the propriety of the service allowed by Rule 77, they undercut Goforth's argument to this Court.

[¶21] Turning next to the sanction imposed upon Goforth for failing to attend the final pretrial conference, the law is clear that district courts have broad discretion to impose sanctions under the Wyoming Rules of Civil Procedure. *See In re Guardianship of Bratton*, 2014 WY 87, ¶ 22, 330 P.3d 248, 253 (Wyo. 2014). Thus, "[w]e review decisions imposing sanctions for abuse of discretion." *Id.*

[¶22] As we recently explained in *Bratton*, W.R.C.P. 16(f) authorizes district courts to impose sanctions for not attending a scheduled pretrial conference. *Bratton*, ¶ 21, 330 P.3d at 253. That rule states:

> (f) *Sanctions.* – If a party or a party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in [W.R.C.P.] 37(b)(2)(B), (C) and (D). . . .

W.R.C.P. 16(f).

[¶23] Rule 37(b)(2)(B) authorizes a trial court to enter "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the disobedient party from introducing designated matters in evidence." W.R.C.P. 37(b)(2)(B). That is precisely what the district court did. Limiting Goforth's presentation of evidence at trial to his own testimony and whatever could be developed through cross-examination was a remedy well within the court's sound discretion. To do otherwise would have been unfair to Fifield, whose counsel complied with the order, had no notice of what evidence Goforth might try to offer, and wanted to keep his client's trial date in order to obtain relief from the continuing trespasses.

6

[¶24]  The question then becomes whether, as Goforth contends, the district court needed to *sua sponte* hold a hearing concerning the sanction imposed under W.R.C.P. 37(b) before imposing it at the start of trial.  While the rules are silent on this issue, a review of our case law confirms that the district court did not have to conduct a hearing before imposing sanctions under these circumstances.[6]

[¶25]  In *Bratton*, the district court dismissed the case for the pro se litigant's failure to file required pretrial disclosures and absence from the pretrial conference.  2014 WY 87, ¶ 20, 330 P.3d at 252.  We affirmed, concluding that because there was no explanation for his omissions, the district court acted well within its discretion.  *Id.*, ¶ 25, 330 P.3d at 253.

[¶26]  Similarly, in *Travelers Insurance Co. v. Palmer*, the district court dismissed the complaint when the plaintiff's counsel did not file a pretrial memorandum or attend the pretrial conference without previously contacting the court or offering any explanation for the omissions.  714 P.2d 765, 765 (Wyo. 1986).  We concluded that when the record contains no timely explanation for a party's failure to appear, we cannot find an abuse of discretion if the district court dismisses the case.  *Id.* at 767.

[¶27]  Although these cases did not squarely deal with the absence of a hearing, no hearing was held in either case, in both of which counsel failed to comply with the pretrial order and appear.  The lesson to be gleaned from them is that no hearing is required in the case of an unexplained failure to comply.  The onus was on Goforth's trial counsel to provide a timely and adequate explanation for his failure to file required pretrial pleadings and appear for the conference.  This could have been accomplished by requesting a hearing, filing a motion, filing the proper disclosures late, or even providing an explanation at the start of trial.  However, he did none of these things.  Consequently, the district court was well within its discretion to impose the sanction it did at the start of trial without holding a hearing beforehand.

[¶28]  This case is an egregious example of failure to comply with a reasonable order intended to expedite ligation, and the court exercised considerable restraint in selecting the sanction it did.  We can divine no explanation for the omissions from the record before us, because Goforth's trial counsel never offered one, and because he never asked for an opportunity to explain himself.  Nowhere in the record did he ever say that he was unaware that orders were served on attorneys with offices in Cheyenne through the clerk's boxes.

[¶29]  Counsel did not even object to the sanction, but when advised of it, simply said "I think that will work, Your Honor," which suggests that he believed he could adequately

---

[6] While W.R.C.P. 37(a)(4) requires "an opportunity to be heard" before fees and expenses are awarded when a motion to compel discovery is granted, W.R.C.P. 37(b) includes no such requirement.

present his client's case under the strictures imposed. In addition, counsel made no offer of proof which would suggest that he had evidence which might have been favorable to his client, leaving this Court in the dark as to whether there was additional evidence, and with no means of determining whether the ruling, if it had been error, was harmless or not. *See Guy-Thomas v. Thomas*, 2015 WY 35, ¶ 12, 344 P.3d 782, 786 (Wyo. 2015).

***Implied Easement***

[¶30] Goforth next claims that he had implied easements for a water line down the middle of Fifield's property and an access road on the eastern portion of it. Therefore, he asserts, the district court erred in its determination that he trespassed.

[¶31] In order to prove an implied easement, three elements must be shown. We have explained:

> The elements which must be satisfied in order to establish an implied easement are: (1) common ownership followed by a conveyance separating the unified ownership; (2) before severance, the common owner used part of the property for the benefit of the other part, a use that was apparent, obvious, and continuous; and (3) the claimed easement is necessary and beneficial to the enjoyment of the parcel previously benefitted.

*Hansuld v. Lariat Diesel Corp.*, 2015 WY 12, ¶ 9, 341 P.3d 428, 431 (Wyo. 2015) (citation and quotation marks omitted). An "implied easement will be recognized where the easement is consistent with the intentions of the parties to a conveyance." *Miner v. Jesse & Grace, LLC*, 2014 WY 17, ¶ 35, 317 P.3d 1124, 1136 (Wyo. 2014). "The implied easement does not arise where the parties to the conveyance expressly agree otherwise or where proof of its elements is not established." *Id.* (quoting *Hansuld v. Lariat Diesel Corp.*, 2010 WY 160, ¶ 10, 245 P.3d 293, 298 (Wyo. 2010)).[7]

[¶32] We can easily dispose of this claim for a pair of reasons. Goforth did not raise implied easement as an affirmative defense, make a counterclaim, or even explicitly mention such a theory at trial.[8] *See Redland v. Redland*, 2015 WY 31, ¶ 56, 346 P.3d 857, 875 (Wyo. 2015) ("We have repeatedly held that we will not consider issues raised for the first time on appeal[.]").

---

[7] The record contains hints of a claim for a prescriptive easement or easement by necessity. However, those hints are contained in Goforth's counsel's opening statement and closing argument – no evidence was developed to support those claims. He has not pursued these theories on appeal.

[8] After the district court ruled in favor of Fifield at trial, Goforth filed a motion for new trial claiming an implied easement. However, as we have already observed, the motion does not cite to any evidence in the record to support such a claim, and we have found none in our review.

[¶33] Furthermore, our review of the record confirms that the evidence was insufficient to prove an implied easement. Goforth did testify that Mr. Collins, through whom he claims title, at one time owned all of the property he and Fifield now own, and there is some support for that claim in a deed introduced into evidence. However, there was no evidence that the common owner used the parcel currently owned by Fifield for the benefit of the parcels now owned by Goforth, and that the use was apparent, obvious, and continuous. Moreover, there is no evidence that the use was necessary. Goforth has a recorded easement which allows him to access both parcels he now owns. Consequently, Goforth did not prove the requisite elements. *See Miner*, ¶¶ 34-46, 317 P.3d at 1136-39; *see also Edgcomb v. Lower Valley Power & Light, Inc.*, 922 P.2d 850, 859 (Wyo. 1996) (no trespass when a valid easement exists).

[¶34] We therefore conclude that the district court's ruling that Goforth trespassed upon Fifield's property is supported by the record, and that he did not prove an implied easement which would provide a defense to those trespasses. *Ultra Res., Inc. v. Hartman*, 2010 WY 36, ¶ 97, 226 P.3d 889, 922 (Wyo. 2010) ("After a bench trial, we review the trial court's factual findings under a clearly erroneous standard and its legal conclusions *de novo*.") (citation omitted).

### *Damages for Trespass*

[¶35] Fifield presented evidence of different types of trespass by Goforth, and the district court awarded damages for each. *See supra* ¶¶ 12, 14. Goforth contends that the damages awarded for reclamation costs and storage fees cannot stand.

[¶36] "The district court's decision on the amount of damages to award involves a question of fact." *Velasquez v. Chamberlain*, 2009 WY 80, ¶ 27, 209 P.3d 888, 895 (Wyo. 2009). "We review findings of fact after a bench trial under the clearly erroneous standard . . . ." *Id.*; *Cross v. Berg Lumber Co.*, 7 P.3d 922, 928 (Wyo. 2000) ("Damages . . . are reviewed as fact and are not reversed unless clearly erroneous."). "While damages are normally subject to clear error review, the underlying legal standards are pure issues of law subject to *de novo* review." *Cross*, 7 P.3d at 931.

[¶37] When real property has been damaged or destroyed by a wrongful act such as trespass, the desired objective is to ascertain as accurately as possible the amount of money that will fairly and adequately compensate the owner for the loss. *See City of Kemmerer v. Wagner*, 866 P.2d 1283, 1287 (Wyo. 1993); 75 Am. Jur. 2d Trespass § 100 (2d ed. updated 2015). We have succinctly explained:

> Where the injury to real property is of a permanent character,
> or cannot be repaired except at great expense, the measure of

9

damages is the difference between the value of the property before and after the injury.

Where the damage to real property is of a temporary character, or where it can be repaired at a small expense, the cost of the repair has often been held to be the measure of damages.

*City of Kemmerer,* 866 P.2d at 1287 (quoting *Town Council of Town of Hudson v. Ladd,* 37 Wyo. 419, 425-26, 263 P. 703, 705 (1928)); 75 Am. Jur. 2d Trespass §§ 97-99, 107; *c.f. Legacy Builders, LLC v. Andrews*, 2014 WY 103, ¶ 15, 335 P.3d 1063, 1068 (Wyo. 2014). "In any case, the lower of the two figures, cost of repairs as compared to the difference in value before and after, will demonstrate the damage ceiling." *City of Kemmerer*, 866 P.2d at 1288; *Legacy Builders,* ¶ 20, 335 P.3d at 1069.

[¶38]  Wyoming law is consistent with the Restatement (Second) of Torts, which states:

(1) If one is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction of value, the damages include compensation for
(a) the difference between the value of the land before the harm and the value after the harm, or at his election in an appropriate case, the cost of restoration that has been or may be reasonably incurred,
(b) the loss of use of the land, and
(c) discomfort and annoyance to him as an occupant.

Restatement (Second) of Torts § 929 (1979 updated 2015).

[¶39] We are convinced that the district court awarded appropriate damages for Goforth's actions in installing a water line on Fifield's property.  Furthermore, after a solicitous review of the record, we find that the amount of damages awarded for reclamation is supported by sufficient evidence that went unchallenged by Goforth. *Legacy Builders,* ¶ 28, 335 P.3d at 1070.  Goforth did not offer evidence of the alternative measure of damages, loss of value of the property, which was his burden. *Id*.  Therefore, the only evidence before the court was the cost of reclamation presented by Fifield.

[¶40] However, we find that the $57,820 awarded for damages related to Goforth parking a camper and pickup truck on Fifield's property is not adequately supported by the evidence.  "In Wyoming, damages must be proven with a reasonable degree of certainty, but proof of exact damages is not required." *WSP, Inc. v. Wyoming Steel Fabricators & Erectors, Inc.*, 2007 WY 80, ¶ 19, 158 P.3d 651, 655 (Wyo. 2007).  That

10

said,, "[a] district court may not speculate or conjecture about the proper amount of damages." *Id.*

[¶41] The only damage evidence that Fifield presented concerning this trespass was the rate the City of Cheyenne allows towing companies to charge for storing towed vehicles. While exact certainty of the amount of damages need not be proven, remote, conjectural or speculative damages are not allowed. *See Reposa v. Buhler*, 770 P.2d 235, 238 (Wyo. 1989); *Velasquez*, ¶¶ 27-33, 209 P.3d at 895-96.

[¶42] The question to be determined was what amount Fifield lost because of the vehicles parked on his property. The fact that the City of Cheyenne charges $35 a day for impounded vehicle storage does not mean that Fifield lost this amount by virtue of being unable to use that portion of his property. That rate would amount to over $1,000 per month, which strongly suggests that it is intended to deter illegal parking and other violations. Although Goforth's misconduct might have been sufficient to allow an award of punitive damages to provide similar deterence, the court declined to award them.

[¶43] The evidence presented by Fifield on this issue is too remote to sustain the damages awarded by the district court. Given the speculative nature and the paucity of proof presented, we must reverse that portion of the damages award. *Hatch v. Walton*, 2015 WY 19, ¶ 20, 343 P.3d 390, 394-95 (Wyo. 2015) ("[W]e will set aside a factual finding that is unsupported by the record, and will do likewise even in the face of some supporting evidence when all of the evidence leaves us with the definite and firm conviction that the trial court has made a mistake.").

[¶44] When no actual damages are shown, "Wyoming follows the general rule that 'at least' nominal damages are available where an actionable trespass has occurred." *Bellis v. Kersey*, 2010 WY 138, ¶ 20, 241 P.3d 818, 825 (Wyo. 2010). Accordingly, we will remand for the district court to award nominal damages not to exceed $100 for the trespass relating to the pickup truck and camper.[9] We realize that this is a Pyrrhic victory for Mr. Fifield, but it is the result our case law requires.

## CONCLUSION

[¶45] The district court did not abuse its discretion in sanctioning Goforth as it did for his attorney's failure to comply with its scheduling order or attend the final pretrial conference. Furthermore, it did not err in ruling that Goforth trespassed upon Fifield's property, as Goforth did not present any claim, evidence, or argument that an implied easement allowed him to use the property as he did. The district court did not commit

---

[9] Wyoming Statute § 1-14-125 provides that "[w]hen the judgment is less than one hundred dollars ($100.00), unless the recovery is reduced below that sum by counterclaim or setoff, each party shall pay his own costs." Wyo. Stat. Ann. § 1-14-125 (LexisNexis 2013). We interpret this as the legislature's determination of the maximum amount that can constitute nominal damages.

clear error when it awarded damages for reclamation resulting from Goforth's trespasses, but it did err in awarding damages in the amount of $57,820 for damages resulting from Goforth's camper and pickup truck being parked on Fifield's property from November 4, 2011 until the date of trial. We reverse that portion of the award and remand to the district court for entry of judgment reflecting nominal damages for the trespass relating to Goforth's pickup truck and camper.