2012 WY 159

**Kevin W. OSBORN, Appellant (Defendant),**

v.

**The STATE Of Wyoming, Appellee (Plaintiff).**

**Nos. S–12–0042, S–12–0116.**

Supreme Court of Wyoming.

Dec. 17, 2012.

See also 861 F.2d 612.

Representing Appellant: Pro se.

Representing Appellee: Gregory A. Phillips, Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Meri Geringer, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN,* HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant's current appeal relates to his convictions and sentences for several serious crimes committed in 1982. In 2012, the district court granted a motion by Appellant to correct an illegal sentence, but Appellant claims on appeal that the district court violated his right to be present when the sentence was corrected.[1] He also challenges the district court's denial of his motion to withdraw his previous guilty pleas. We will affirm the district court's rulings.

---

* Justice Golden retired effective September 30, 2012.

1. Appellant filed an appeal from the district court's order granting his motion to correct an

*ISSUES*

[¶ 2] Appellant states these issues, slightly reworded:

1. Did the trial court violate Appellant's state and federal constitutional rights by sentencing him *in absentia* ?

2. Did the trial court err by modifying Appellant's sentence without allowing him to withdraw his plea?

*FACTS*

[¶ 3] In 1982, Appellant pled guilty to, and was convicted of, aiding and abetting first degree murder, attempted first degree murder, and aggravated robbery, for crimes he committed in Sweetwater County, Wyoming. He received two life sentences on the first two crimes, and 45–50 years on the third, all to be served consecutively. He also pled guilty to, and was convicted of, aggravated robbery, conspiracy to commit aggravated robbery, and felony murder, for crimes he committed in Uinta County, Wyoming. He was sentenced to 45–50 years for each of the first two crimes, to be served concurrently with each other, but consecutive to the sentences for the Sweetwater crimes. On the felony murder charge, Appellant was sentenced to death. The convictions and sentences were affirmed on appeal. *Osborn v. State*, 672 P.2d 777, 779–81 (Wyo.1983).

[¶ 4] In habeas corpus proceedings in federal court, the Uinta County convictions and sentences were set aside. *Osborn v. Schillinger*, 639 F.Supp. 610 (D.Wyo.1986), *aff'd* 861 F.2d 612 (10th Cir.1988). The charges were brought again in state court. Appellant pled guilty in order to avoid the death penalty. He was sentenced to life for felony murder, 45–50 years for aggravated robbery, and 45–50 years for conspiracy to commit aggravated robbery. The new sentences were to be served concurrently with each other, and concurrently with the sentences previously entered for the Sweetwater County crimes.

illegal sentence, and a separate appeal from the order correcting his sentence. The two have been consolidated.

[¶ 5] In subsequent habeas corpus proceedings, the federal court reversed the Sweetwater County convictions as well. *See Osborn v. Shillinger,* 803 F.Supp. 371, 372–73 (D.Wyo.1992). These charges were also brought again in state court, and the prosecution filed notice of its intention to seek the death penalty. Appellant initially pled not guilty, but on the third day of trial, pled guilty in order to avoid the death penalty. He was given two life sentences on the murder charges and 22–25 years on the aggravated robbery charge, all to be served consecutively to each other and consecutively to the sentences in the Uinta County crimes. On appeal, the new Sweetwater convictions and sentences were affirmed. *Osborn v. State,* 806 P.2d 259, 260–62 (Wyo.1991).

[¶ 6] In the spring of 2011, having served nearly thirty years in prison, Appellant filed a Motion to Correct an Illegal Sentence. He pointed out that, after he was originally sentenced in 1982, but before he was resentenced in 1989, the aggravated robbery statute was amended to reduce the maximum penalty. *Compare* 1982 Wyo. Sess. Laws ch. 75, § 3, at 533 (5–50 years for aggravated robbery) *with* 1983 Wyo. Sess. Laws ch. 171, § 1, at 552 (5–25 years for aggravated robbery). Appellant claimed that the amended statute applied retroactively, relying on Wyo. Stat. Ann. § 6–1–101(c), which provides that, "In a case pending on or after the effective date of this act, involving a crime committed prior to the effective date, if the penalty under this act for the crime is different from the penalty under prior law, the court shall impose the lesser sentence." Appellant committed the crimes in 1982, prior to the 1983 effective date of the act. *See* 1983 Wyo. Sess. Laws ch. 171, § 8, at 584. On this basis, he argued that his 45–50 year sentence was illegal because it exceeded the new statutory maximum.

[¶ 7] · The district court granted the motion and reduced his sentence on the Uinta County aggravated robbery charge to 22–25 years. That ruling is not at issue in this appeal. Nevertheless, Appellant complains that he was denied the right to be present at the hearing in which the district court considered the motion and reduced his sentence.

He also claims that the district court erred because it modified his sentence without allowing him to withdraw the guilty plea.

## STANDARD OF REVIEW

[¶ 8] In his first issue, Appellant contends that the district court violated his constitutional rights to be present at sentencing. Claims of a constitutional nature are reviewed *de novo. Remmick v. State,* 2012 WY 57, ¶ 15, 275 P.3d 467, 470 (Wyo.2012).

[¶ 9] In his second issue, Appellant claims that he should have been allowed to withdraw his previous guilty pleas. W.R.Cr.P. 32(d) states that, after sentencing, a guilty plea "may be set aside only to correct manifest injustice." The district court has discretion in determining whether a defendant has demonstrated manifest injustice, and absent abuse of that discretion, we will not disturb the district court's ruling. *State v. McDermott,* 962 P.2d 136, 138 (Wyo.1998). However, Appellant's argument in this case rests to an extent on a claim that the State breached the plea agreement. "Whether a breach of a plea agreement has occurred is a question of law that we review *de novo.*" *Duke v. State,* 2009 WY 74, ¶ 9, 209 P.3d 563, 567 (Wyo.2009).

## DISCUSSION

### First Issue: Appellant's right to be present for resentencing

[¶ 10] Appellant contends that, when the district court granted his motion to correct the illegal sentence, he had the right to be present for resentencing. He claims that right under state law, citing *Abeyta v. State,* 2003 WY 136, ¶ 24, 78 P.3d 664, 670 (Wyo. 2003) (Recognizing the right "to be present during every stage of the criminal proceeding that is critical to its outcome."). He also claims that right under federal law, citing *United States v. Behrens,* 375 U.S. 162, 167, 84 S.Ct. 295, 298, 11 L.Ed.2d 224 (1963) (Harlan, J., concurring) ("[T]he requirements of criminal justice ... leave no doubt of [a defendant's] right to be present when a final determination of sentence is made.").

[¶ 11] In deciding that Appellant did not have the right to be present, the district court quoted W.R.Cr.P. 43:

(a) *Presence required.*—The defendant shall be present at the initial appearance at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

. . .

(c) *Presence not required.*—A defendant need not be present in the following situations:

. . .

(4) At a reduction of sentence under Rule 35.

To similar effect, Wyo. Stat. Ann. § 7–11–202 (LexisNexis 2011) provides that a "defendant's presence is not required at a reduction of sentence hearing." The district court then provided the following explanation:

The Court finds Osborn's presence in Wyoming for a hearing at this stage of the proceedings is not critical. The Court notes that Osborn's *Motion* can hardly be meaningful, except as an academic or procedural exercise. Mr. Osborn faces three consecutive life sentences for crimes he committed nearly thirty years ago. Osborn's Rule 35 motion, though granted, will have no effect on the ultimate length of his sentence. For that reason, . . . the Court finds it proper to correct the sentence without transporting Mr. Osborn from Florida to Wyoming for a hearing. The Court finds that such a hearing is unnecessary. The Court concludes Mr. Osborn's presence at a hearing in Wyoming is not required under W.R.Cr.P. 43(c)(4) for the purposes of this *Motion.*

(Italics in original; internal citation omitted.)

[¶ 12] Appellant concedes that, under W.R.Cr.P. 43(c)(4), the rule relied upon by the district court, a defendant need not be present for "a reduction of sentence under Rule 35." He points out, however, that W.R.Cr.P. 35 provides for two distinct types of motions, one for correction of a sentence under Rule 35(a), and another for reduction of a sentence under Rule 35(b). Appellant's motion was not for a reduction of sentence under Rule 35(b), but for the correction of an illegal sentence under Rule 35(a). He insists that the exception set forth in W.R.Cr.P. 43(c)(4) does not apply to his motion to correct a sentence, and accordingly, that he was entitled to be present when the district court corrected his sentence. Appellant supports his position by quoting the federal case of *United States v. Moree*, 928 F.2d 654, 656 (5th Cir.1991):

We therefore hold that a Rule 35(a) proceeding to "correct" a sentence on remand is not a "reduction in sentence" under Rule 43(c)(4) when the court of appeals has vacated the defendant's original sentence. The defendant's rights to be present and to allocute under Rules 32(a)(1) and 43(a) thus obtain.

[¶ 13] The State asserts that Appellant interprets this decision too broadly, pointing out that *Moree* cites and relies upon *United States v. Jackson*, 923 F.2d 1494, 1497 (11th Cir.1991), which held that "where the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous." The rule set forth in *Jackson* appears to be widely applied by federal courts. *See* 27–643 *Moore's Federal Practice—Criminal Procedure* § 643.07; 3B Charles A. Wright, Nancy J. King, and Susan R. Klein, *Federal Practice and Procedure: Criminal 3d* § 722, at 24 (2004). In this case, Appellant's entire sentencing package was not set aside, and granting his motion to correct the sentence does not make his sentence more onerous. Applying the rule set forth in *Jackson*, the State contends that Appellant had no right to be present under the federal constitution, and urges us to reach the same conclusion under our state constitution.

[¶ 14] Appellant's position and the State's may both have merit, but it is unnecessary for us to choose between them. Regardless of how W.R.Cr.P. 43(c)(4) is interpreted, under the circumstances presented here, Appellant had no constitutional right to be present

when the district court corrected his sentence.

■■■ [¶ 15] As noted previously, a defendant has the right "to be present during every stage of the criminal proceeding that is *critical to its outcome.*" *Abeyta,* ¶ 24, 78 P.3d at 670 (emphasis added). Conversely, however, a defendant does not necessarily have the right to be present during stages of the proceeding not critical to its outcome. As we have explained,

> The Sixth Amendment and the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States are held to guarantee an accused the right to be present during every stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure. *Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631(1987); *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970). Wyo. Const. art. 1, § 10 "is even more explicit in its guarantee to an accused of the right of presence at trial * * *." *Maupin v. State,* 694 P.2d 720, 722 (Wyo.1985).
>
> . . .
>
> However, the due process right to be present is not unequivocal. *The defendant's presence is not required when it "would be useless, or the benefit but a shadow."* *Snyder v. Com. of Mass.,* 291 U.S. 97, 106–07, 54 S.Ct. 330, 332–33, 78 L.Ed. 674 (1934).

*Seeley v. State,* 959 P.2d 170, 177 (Wyo.1998) (emphasis added).

[¶ 16] In this case, Appellant's presence when the district court corrected his sentence would have been useless. Appellant has already been imprisoned for at least thirty years, serving concurrent sentences for his Uinta County convictions.[2] The district court granted a motion to correct his sentence for aggravated robbery, and imposed a corrected sentence of 22–25 years, 25 years being the statutory maximum. The district court then noted that Appellant "has been held continuously on this charge since his arrest." The exact date of Appellant's arrest is not apparent from the portion of the record before us now, but his arraignment occurred on August 23, 1982, *Osborn,* 672 P.2d at 784, so he has been serving at least thirty years on this sentence. Considering the time Appellant has served, the district court granted Appellant "credit for twenty-five (25) years served on this [sentence] against both the bottom and top number of his modified sentence." Thus, Appellant has already completed his 22–25 year sentence for the crime of aggravated robbery.

[¶ 17] Because Appellant has already completed the statutory maximum sentence for this crime, it could make no possible difference whether the district court imposed the maximum sentence or a lesser sentence. Even assuming that Appellant's presence might have influenced the district court's decision on the corrected sentence, he has already served that sentence, and his presence could not change the amount of time he will serve. As we previously observed, Appellant was sentenced to three consecutive life terms plus many years, and regardless of the district court's decision in correcting his sentence for aggravated robbery, Appellant must still "expect to spend the rest of his life in Wyoming penal confinement." *Osborn,* 806 P.2d at 262. Under these circumstances, Appellant's presence could not have been of any possible use, and the district court did not err in ruling that Appellant did not have the constitutional right to be present at this stage of the proceedings.

***Second Issue: Denial of Appellant's motion to withdraw guilty pleas***

■■■ [¶ 18] In his second issue, Appellant re-emphasizes that his 1989 aggravated

---

2. Again, Appellant's sentences for the Uinta County crimes were concurrent terms of life for felony murder, 45–50 years for aggravated robbery, and 45–50 years for conspiracy to commit aggravated robbery. Appellant's sentences for the Sweetwater County crimes were two life terms plus 22–25 years, all to be served consecutively to each other *and consecutively to the* *sentences in the Uinta County crimes. Osborn,* 803 F.Supp. at 372–73. Because Appellant has not completed his life sentence for the Uinta County felony murder, he has not yet begun to serve his sentences for the Sweetwater County crimes, and all time served to date is under the Uinta County sentences.

robbery sentence was illegal because it was longer than the statutory maximum. He points out that he, therefore, pled guilty to an illegal sentence. He argues that "a defendant cannot bargain for an illegal sentence." *See, e.g., Baker v. Barbo*, 177 F.3d 149, 155 (3rd Cir.1999). He maintains that he is therefore entitled to withdraw his guilty plea.

Even when a defendant, prosecutor, and court agree on a sentence, the court cannot give the sentence effect if it is not authorized by law. Thus, when a defendant has entered a plea bargain contemplating an illegal sentence, the defendant is generally entitled to withdraw the guilty plea. *Smith v. United States*, 321 F.2d 954, 955–56 (9th Cir.1963). Because the plea bargain is based on a promise the trial court lacks authority to fulfill, and the defendant was induced to plead guilty by that promise, plea withdrawal is necessary to return the parties to their initial positions. *See Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

*United States v. Greatwalker*, 285 F.3d 727, 730 (8th Cir.2002).

[¶ 19] Appellant's reliance on *Greatwalker* is misplaced. In that case, the defendant was convicted of a crime for which the minimum sentence was life in prison. He agreed to a plea bargain for a thirty-five year sentence, which the trial court imposed. When the sentence was declared illegal, the defendant became eligible to withdraw his guilty plea, because he then faced a sentence longer than he had agreed to in the plea bargain. As the *Greatwalker* court explained, he was entitled to withdraw his plea because the plea was "induced" by the promise of an illegally short sentence.

[¶ 20] Appellant is in the opposite situation. He agreed to a sentence that was not illegally short, but illegally long. An assertion that he was induced to plead guilty by the promise of a 45–50 year sentence, but would not have agreed to a 22–25 year sentence, is not credible. What is plausible, as we have said before, is that he pled guilty "in return for a life sentence" instead of a possible death sentence. *Osborn*, 806 P.2d at 260.

[¶ 21] Appellant complains that he should have been allowed to withdraw his plea be-

cause the State did not honor the original 1989 Uinta County plea agreement. Under that agreement, the Uinta County sentences were to be served concurrently with the Sweetwater County sentences. In federal habeas corpus proceedings, however, Appellant was successful in challenging the Uinta County convictions, and then the Sweetwater County convictions. As we explained, "with federal court reversal and direction to permit withdrawal of the guilty plea … ***the slate was wiped clean*** so that Osborn could defend all charges and the State could pursue conviction on whatever crimes and penalties the evidence might sustain." *Osborn*, 806 P.2d at 264 (emphasis added).

[¶ 22] After the federal court set aside all of his original convictions and sentences, the original plea agreements were no longer in effect. When Appellant reached a new plea agreement on the Sweetwater County charges, Appellant's defense counsel expressly confirmed to the district court that "There is no agreement as to whether the time will be concurrent or consecutive." *Id.* at 266 n. 8. Appellant was thereafter sentenced to serve the Sweetwater County sentences consecutively to the Uinta County sentences. Appellant's attempt to revive the original plea agreements at this late date is unavailing. The district court did not err in refusing to allow Appellant to withdraw his guilty pleas.

[¶ 23] The district court's decision is affirmed.