# IN THE SUPREME COURT, STATE OF WYOMING

# 2013 WY 144

OCTOBER TERM, A.D. 2013

*November 21, 2013*

RICHARD REYNOLDS,

Appellant
(Plaintiff),

v.

CHRISTOPHER BONAR,

Appellee
(Defendant).

S-13-0100

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*
Ronald G. Pretty, Cheyenne, WY.

*Representing Appellee:*
Sean W. Scoggin of McKellar, Tiedeken & Scoggin, LLC, Cheyenne, WY.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**HILL,** Justice.

[¶1]   In 2011, Richard Reynolds filed a complaint against Christopher Bonar claiming personal injuries arising from a motor vehicle accident.  That complaint was dismissed without prejudice for failure to comply with discovery orders.  In 2012, Reynolds re-filed his complaint against Bonar.  Reynolds' second complaint was dismissed for failure to comply with discovery, this time with prejudice.  We affirm.

## ISSUE

[¶2]   Reynolds states the issue for our review as follows:

> Did the Court have authority to dismiss [Reynolds'] case with prejudice?

## FACTS

[¶3]   On May 24, 2011, Reynolds filed a complaint against Bonar, alleging that he and another plaintiff in that action, Alicia Carlisle, suffered injuries when the motor vehicle in which they were passengers was struck by a vehicle being driven by Bonar.  On June 14, 2011, Bonar filed an answer to the complaint.  On November 1, 2011, Bonar filed a Motion to Compel Discovery, alleging that Plaintiffs Reynolds and Carlisle had not provided their initial disclosures, which were due within thirty days after Bonar filed his answer, and also alleging that Plaintiffs had not fully answered the interrogatories and requests for production that had been served on them.  On November 30, 2011, the district court heard the motion to compel and ordered that Plaintiffs submit their discovery responses by December 7, 2011.

[¶4]   On December 8, 2011, Bonar filed Defendant's Motion for Sanctions for Plaintiffs' Failure to Comply with Discovery.  On January 11, 2012, the court issued an order granting the motion for sanctions and further providing that "if the Plaintiffs do not provide the full and complete responses to discovery and initial disclosures within the (sic) thirty days of the filing of this order, their Complaint will be dismissed."  On February 10, 2012, Bonar filed a motion to dismiss based on Plaintiffs' failure to comply with the court's order.  On March 9, 2012, the court granted Bonar's motion and dismissed the complaint without prejudice.  In so ordering, the court stated:

> The Plaintiffs were obliged to provide their disclosures under the provision of Rule 26 on or before July 25, 2011. Plaintiff, Alicia Carlisle filed her disclosure on February 24, 2012.  Plaintiff Richard Reynolds has yet to file his initial disclosures. The Plaintiffs have been granted adequate notice and ample opportunity to comply with the Court's discovery

1

orders. Despite repeated attempts by the Defendant and this Court to coerce their compliance, the Plaintiffs have yet to provide full and complete responses to discovery requests as ordered by the Court. As of this date, the Plaintiffs have not provided complete answers to interrogatories requested from Mr. Reynolds, income tax returns needed to calculate lost wages, initial disclosures for Mr. Reynolds, or any answers to interrogatories requested from Ms. Carlisle. This is in violation of the Court's Order Granting Defendant's Motion for Sanctions for Plaintiffs' Failure to Comply with Discovery Order. In view of the Plaintiffs' failure to comply with the Court's orders in the past, the Court has no reason to believe the Plaintiffs will comply with yet another order requiring provision of properly requested information as well as information simply required by Rule 26. It is, therefore, appropriate that this Court dismiss the action as a sanction.

[¶5]    On September 5, 2012, Reynolds re-filed his Complaint for Monetary Damages against Bonar, and on September 25, 2012, Bonar filed his answer. On December 20, 2012, Bonar filed Defendant's Motion to Compel Discovery alleging that Reynolds had not provided his Rule 26 initial disclosures, which were due on or before October 25, 2012, and alleging that Reynolds had not responded to interrogatories and requests for production that had been served on October 10, 2012. On February 13, 2013, the district court issued an Order of Dismissal, dismissing Reynolds' complaint with prejudice. The court included the following findings in its order:

> 3.    The Plaintiff's initial disclosures were due on or before October 25, 2012; however, to date the Plaintiff has not provided Defendant with his initial disclosures.
> 4.    Defendant, Christopher Bonar served Defendant's First Set of Combined Interrogatories and Requests for Production of Documents to the Plaintiff via U.S. Mail to Plaintiff's counsel on October 10, 2012. . . .
> 5.    After the filing of the motion to compel, on February 4, 2013, Defendant did receive answers to interrogatories from the Plaintiff that were signed and responded to in part, but not complete.
> 6.    The Plaintiff has not provided responses to the requests for production of documents.
> 7.    A notice of setting of the hearing on the motion to compel discovery, setting the hearing for February 6, 2013 at 10:00 a.m., was served on Counsel for both parties on January 18, 2013.

8.    That Plaintiff's counsel did not attend the hearing in person or by telephone nor did he request leave from this Court for the hearing setting.

9.    That a similar complaint was previously filed by Plaintiff and his counsel against this Defendant in this Court, Doc. 178, No. 180.

10.    This Court is advised and takes judicial notice of the fact that the Plaintiff's complaint against this Defendant in Doc. 178, No. 180 was dismissed by the District Court in its *Order Granting Defendant's Motion to Dismiss Complaint of Plaintiffs pursuant to Rule 37 of the Wyoming Rules of Civil Procedure* entered on March 9, 2012.

11.    That the Plaintiff has failed to properly engage in discovery herein and it is appropriate this Court dismiss this action with prejudice.

[¶6]    On March 12, 2013, Reynolds timely filed a Notice of Appeal.

## STANDARD OF REVIEW

[¶7]    This Court reviews a district court's dismissal of an action for failure to comply with discovery requirements for an abuse of discretion. *White v. State ex rel. Wyo. DOT*, 2009 WY 90, ¶¶ 9-10, 210 P.3d 1096, 1099 (Wyo. 2009) (upholding dismissal with prejudice for failure to comply with discovery requirements). In this appeal, however, Reynolds does not challenge the district court's exercise of discretion. He instead contends that the court's dismissal with prejudice violated Wyoming constitutional provisions governing separation of powers and access to courts. Constitutional issues are questions of law, which we review *de novo*. *Osborn v. State*, 2012 WY 159, ¶ 8, 290 P.3d 1096, 1098 (Wyo. 2012).

## DISCUSSION

### A.    <u>Access to Courts</u>

[¶8]    Reynolds contends that the district court's dismissal of his complaint with prejudice barred his access to court in violation of the Wyoming Constitution's guarantees of access to courts, which provides:

> All courts shall be open and every person for an injury done to person, reputation or property shall have justice administered without sale, denial or delay. Suits may be brought against the state in such manner and in such courts as the legislature may by law direct.

3

Wyo. Const. art. I, § 8.

[¶9]   This Court has previously addressed this same challenge under similar circumstances.  In *White,* a district court responded to multiple discovery violations with an order that directed the plaintiffs to provide discovery responses and pay sanctions, vacated the trial, and provided that a new trial date would not be set until the plaintiffs complied with the court's discovery order. *White,* ¶¶ 7-8, 210 P.3d at 1098-99.  When the plaintiffs failed to provide complete discovery responses, the court dismissed the plaintiffs' complaint with prejudice. *Id.,* ¶ 9, 210 P.3d at 1099.  We upheld the dismissal and rejected the plaintiffs' argument that they had been denied access to court in violation of art. I, § 8, reasoning that "Appellants did have 'access to the courts' when they filed their complaint.  The action was dismissed solely because of Appellants' failure to comply with appropriate court orders." *Id.,* ¶ 15, 210 P.3d at 1100.

[¶10]  This Court held likewise in *Terry v. Sweeney*, 10 P.3d 554 (Wyo. 2000).  In *Terry,* a mistrial was ordered when one of the plaintiffs referred to the defendant's insurance during testimony, in violation of a pretrial order. *Terry,* 10 P.3d at 556.  The court ordered the plaintiffs to pay sanctions and further ordered that a new trial date would not be set until the sanction was paid. *Id.*  After the plaintiffs failed to pay the sanction after multiple orders and extensions of the payment deadline, the court dismissed the plaintiffs' action with prejudice. *Id.* at 556-57.  In upholding the dismissal, we observed:

> It is generally recognized that a court does not violate an open courts provision when it acts to punish conduct that disrupts the orderly administration of justice. *See, e.g., Jensen v. Zuern*, 517 N.W.2d 118, 129 (N.D.Ct.App. 1994); *Williams v. State*, 405 N.W.2d 615, 624-25 (N.D. 1987); *Protect Our Mountain Environment, Inc. v. District Court in and for County of Jefferson*, 677 P.2d 1361, 1367 n. 6 (Colo. 1984) (en banc); *Eismann v. Miller*, 101 Idaho 692, 619 P.2d 1145, 1150 (1980). The record reflects no effort by Terry to make any level of payment, no matter how small. It is specious to argue that, despite an almost three-year grace period, the court's sanction constituted denial of access to the courts to a plaintiff who was already physically in court and who made no apparent efforts to comply with its orders.

*Terry*, 10 P.3d at 559.

[¶11]  Our clear precedent mandates the same result in this case.  Reynolds had access to court, and his action was dismissed solely because of his failure to comply with court orders.

4

**B.    Separation of Powers**

[¶12]  In addition to his access to court argument, Reynolds argues that the district court's dismissal with prejudice, because it precludes him from filing a new action, intruded on the legislature's authority to dictate when an action may be commenced.  In support of this argument, Reynolds cites generally to the separation of powers provision found at art. II, § 1 of the Wyoming Constitution, and to the following statutory provision governing new actions:

> If in an action commenced in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits and the time limited for the commencement of the action has expired at the date of the reversal or failure, the plaintiff, or his representatives if he dies and if the cause of action survives, may commence a new action within one (1) year after the date of the failure or reversal. This provision also applies to any claim asserted in any pleading by a defendant.

Wyo. Stat. Ann. § 1-3-118 (LexisNexis 2013).

[¶13]  Our clear precedent again mandates that we reject Reynolds' argument.  We have observed that the power of courts to control the administration of justice, including the sanctioning of parties, "is essential to the separation of powers concept and allows a court to act notwithstanding contrary legislative direction." *Terry*, 10 P.3d at 558 (quoting *Bi-Rite Package v. District Court of Ninth Judicial Dist.*, 735 P.2d 709, 714 (Wyo. 1987)). And, this Court has long held that the Wyoming Constitution grants the courts, not the legislature, the power to control the course of litigation.

> Article 5, § 2 of the Constitution of the State of Wyoming provides in pertinent part that this Court "shall have a general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law." This general superintending control "encompasses the authority to prescribe rules of practice and procedure in those courts." *White v. Fisher*, 689 P.2d at 106. We have consistently upheld this Court's plenary power to control the course of litigation in the trial courts. *Id.* The legislature recognizes these pertinent constitutional provisions which afford this Court full authority over rules of practice and procedure and the Court's inherent power to prescribe rules.

*Squillace v. Kelley*, 990 P.2d 497, 501 (Wyo. 1999).

[¶14]  Rule 37(b) of the Wyoming Rules of Civil Procedure authorizes the sanction of dismissal with prejudice for discovery violations, and the rule is clearly within the authority of the judicial branch to control the course of litigation.  The district court did not exceed its authority or act in an unconstitutional manner when it dismissed Reynolds' complaint in response to repeated discovery violations.

## C.   **Rule 10.05 Sanctions**

[¶15]  Rule 10.05 of the Wyoming Rules of Appellate Procedure authorizes this Court to impose sanctions against an appellant upon our certification that there was no reasonable cause for appeal.  The rule provides, in relevant part:

> If the court certifies there was no reasonable cause for the appeal, a reasonable amount for attorney's fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case. The amount for attorneys' fees shall not be less than one hundred dollars ($100.00) nor more than five thousand dollars ($5,000.00). The amount for damages to the appellee shall not exceed two thousand dollars ($2,000.00).

W.R.A.P. 10.05.

[¶16]  "We are reluctant to award attorney's fees and damages under Rule 10.05 and do so only in rare circumstances."  *Budd-Falen Law Offices, P.C. v. Rocky Mt. Recovery, Inc.*, 2005 WY 77, ¶ 26, 114 P.3d 1284, 1291 (Wyo. 2005) (citing *Drake v. McCulloh*, 2002 WY 50, ¶ 24, 43 P.3d 578, ¶ 24, (Wyo. 2002)).  We view this case as presenting the appropriate circumstances in which to make such an award.  Reynolds repeatedly failed to comply with his discovery obligations and repeatedly violated the district court's discovery orders.  On appeal, Reynolds did not challenge the district court's exercise of discretion and instead presented constitutional claims that were contrary to this Court's clear precedent.  Given these circumstances, we certify that there was no reasonable cause for this appeal and hold that Bonar is entitled to attorney's fees and costs for the time and effort expended in responding to this appeal.

## CONCLUSION

[¶17]  We find no constitutional violation in the district court's dismissal of Reynolds' complaint for failure to comply with the court's discovery orders, and we affirm that dismissal with prejudice.  Additionally, we impose sanctions upon Reynolds.  Bonar shall

submit a statement of costs and attorney's fees associated with responding to Reynolds' appeal.  Upon review, we will award an appropriate amount in the form of sanctions.